FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2017 MAY 15 PM 3:10

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

DONAL BRUCE DORVILUS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No: 2:16-cv-515-FtM-29CM
Case No. 2:13-CR-60-FTM-29CM

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #74)[1] filed on June 28, 2016. The Court granted the government's motion to stay because Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015) was pending certiorari review, and would directly impact petitioner. (Cv. Doc. #8.) On March 20, 2017, the Court lifted the stay and directed the government to respond, or file a motion to dismiss based on the United States Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). The

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

government eventually filed a Motion to Dismiss the Petitioner's Petition *Nunc Pro Tunc* (Cv. Doc. #12) on May 1, 2017.[1]

I.

On May 29, 2013, a federal grand jury in Fort Myers, Florida returned a two-count Superseding Indictment (Cr. Doc. #16) charging petitioner in Count One with being in possession of a firearm after having been convicted of a felony, specifically: (1) fleeing and eluding a police officer in violation of Fla. Stat. § 316.1935(3) in Lee County; and (2) burglary of a conveyance in violation of Fla. Stat. § 810.02 in Lee County, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). Petitioner was also charged in Count Two with brandishing and carrying a firearm during and in relation to a crime of violence, and possessing the firearm in furtherance of a crime of violence (robbery).

On December 13, 2013, petitioner entered a plea of guilty as to Count One of the Superseding Indictment pursuant to a Plea Agreement (Cr. Doc. #55), (Cr. Docs. ## 58, 61.) The plea was accepted, and petitioner was adjudicated guilty as to Count One. (Cr. Doc. #63.) Counsel filed a Sentencing Memorandum (Cr. Doc. #67) on behalf of petitioner, and on March 17, 2014, the Court

---

[1] Initially, finding no response, the Court issued an Order (Cv. Doc. #11) to show cause why the Motion under § 2255 should not be granted. The government filed its motion the same day.

sentenced petitioner to a term of imprisonment of 96 months as to Count One, followed by a term of supervised release, and dismissed Count Two of the Superseding Indictment pursuant to the government's motion. (Cr. Doc. #70.) Judgment (Cr. Doc. #71) was filed on March 18, 2014. Petitioner did not file a direct appeal with the Eleventh Circuit, and the conviction became final 14 days after the Judgment on April 1, 2014. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000).

## II.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal prisoners have one year from the latest of any of four events to file a § 2255 Motion:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under Section 2255(f)(1), petitioner had one year from his conviction becoming final, or until on or before

April 1, 2015, to file his § 2255 motion. 28 U.S.C. § 2255(f). Giving petitioner the benefit of the mailbox rule[2], his motion under § 2255 was signed and executed for filing on June 22, 2016. Since this date is after the April 1, 2015 deadline, the motion is due to be dismissed as untimely.

Petitioner raises only one ground in his § 2255 motion, and has filed it pursuant to Section 2255(f)(3) based on the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), and its retroactive application by Welch v. United States, 136 S. Ct. 1257 (2016), to collateral review. In Johnson, the United States Supreme Court held that the Armed Career Criminal Act's residual clause is unconstitutionally vague. If Johnson applies to reduce petitioner's sentence, and the motion is not a successive petition, petitioner's motion would be timely filed by the deadline of June 26, 2016. In re Robinson, 822 F.3d 1196, 1198 (11th Cir. 2016) (Martin, J., concurring).

### III.

At the time of sentencing, under the 2013 U.S. Sentencing Guidelines Manual, petitioner's Base Offense Level was 24 because he had at least two felony convictions of either a crime of violence or a controlled substance offense that scored in the

---

2 "[A] prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (citation omitted).

computation under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2K2.1(a)(2) consisting of (1) fleeing and eluding a police officer, and (2) resisting officer with violence. Petitioner's offense level was also increased by two levels because the firearm was stolen, and by four levels because the firearm was used or possessed in connection with another felony offense, in this case robbery. This resulted in an Adjusted Offense Level of 30, and with three levels for acceptance of responsibility, petitioner's Total Offense Level was a 27. Petitioner's criminal history score established a Criminal History Category of III, and the applicable guideline range was 87 to 108 months of imprisonment. Petitioner was sentenced to a mid-range sentence of 96 months of imprisonment.

It is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). The sentencing guidelines dictate that a defendant who commits this offense "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense" is subject to an increased Base Offense Level of 24. U.S.S.G. § 2K2.1(a)(2). A "crime of

violence" has the same meaning as defined under the career offender provisions of the U.S. Sentencing Guidelines:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a)(1) (2013)[3]. Under Johnson, an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), with similar language to § 4B1.2(a)(2), was found to violate the Due Process Clause of the United States Constitution for vagueness. Petitioner's sentence, however, was not increased by the ACCA. Rather, petitioner was sentenced under a specific provision of the Sentencing Guidelines for offenses involving firearms, as defined by the career offender provision of the Sentencing Guidelines. In Beckles, the United States Supreme

---

[3] A 2016 Amendment altered the residual clause to read:

> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. 5845(a) or explosive material as defined in 18 U.S.C. 841(c).

U.S.S.G. § 4B1.2(a)(2) (2017).

Court noted that the Court retains discretion to impose an enhanced sentence under the advisory U.S. Sentencing Guidelines, and therefore the similar residual clause language in the guidelines is not amenable to a vagueness challenge. The decision in <u>Beckles</u> thus foreclosed relief for petitioner based on <u>Johnson</u>.

Since petitioner's sentence was not enhanced under the ACCA, <u>Johnson</u> does not apply to extend the statutory time limitation of one year from the date petitioner's conviction became final, and petitioner's motion will be dismissed as untimely.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The government's Motion to Dismiss the Petitioner's Petition *Nunc Pro Tunc* (Cv. Doc. #12) is **GRANTED**.

2. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #74) is **DISMISSED** as time-barred.

3. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this 15th day of May, 2017.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA

- 8 -